### PACKTOR v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department. May 7, 1909.)

1. MASTER AND SERVANT (§ 90*)—INJURIES—CARE REQUIRED.

An employer need not anticipate and provide against every possible danger to workmen, but is only bound to use reasonable care for their safety.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 139; Dec. Dig. § 90.*]

2. MASTER AND SERVANT (§ 109*)—INJURIES—NEGLIGENCE.

While intestate was engaged in unloading snow from a wagon, the team, which was a steady-going team of draught horses, started up about three feet, causing intestate to fall from the wagon and injuring him. *Held*, that intestate's employer was not negligent for not unhitching the team or directing the driver to hold the reins before ordering intestate to unload the wagon.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 204; Dec. Dig. § 109.*]

Appeal from Trial Term, Kings County.

Action by Lucy Packtor, as administratrix of Jacob Packtor, deceased, against the City of New York and another. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Henry M. Earle, for appellant.
James D. Bell, for respondent City of New York.
Louis Cohn, for respondent Kordes.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WOODWARD, J. The complaint, which sets forth a cause of action for damages for personal injuries resulting in the death of plaintiff's intestate, was dismissed as to both defendants at the close of plaintiff's case. On the 2d day of February, 1905, the plaintiff's intestate was employed by the city of New York as a snow shoveler. He, with others, was on the day of the accident engaged in unloading snow and ice from carts as they were brought into a dumping yard. One Donohue, the foreman of the work, who appears to have had authority to direct the placing of the trucks and the work of the shovelers, ordered plaintiff's intestate and another to get upon a dump wagon and to shovel the snow and ice from the same. Plaintiff's intestate and his fellow workman climbed upon the wagon, and while engaged in throwing off the snow the team, a heavy, steady-going team of draught horses, started up about three feet, and the intestate fell over the rear end of the wagon, receiving injuries from which he subsequently died.

The injury alleged against the defendant the city of New York was that the accident was due to the order of Donohue, the superintendent of the defendant, directing the plaintiff's intestate to go upon this wagon without detaching the team or directing the driver to hold the reins, so as to control them. We are of the opinion that no such precautions were demanded of the defendant, assuming the foreman to have been engaged as a superintendent, within the meaning of the employer's liability act (Laws 1902, p. 1748, c. 600), as are now suggested. An employer is not bound to anticipate every possible contingency and to provide against it. He is bound only to use reasonable care, as that term is understood in law; and certainly no one would ever suggest that it was the duty of a master, employing competent drivers, horses properly broken and adapted to the heavy class of work here in progress, to take a team from the wagon while it was being unloaded, or to personally see to it that the driver was actually present at every moment with his hands upon the reins. Hundreds of years of practical work of this character has never suggested such a degree of caution as among the duties of the master, and the court very properly declined to permit such a question to go to the jury.

The plaintiff suggests no good reason why the defendant Kordes, who was the owner of the team and wagon, and who employed the driver, furnishing the entire equipment to the city of New York at a stipulated sum per day, should be held liable to the plaintiff, and no such reason suggests itself to us.

The judgment appealed from should be affirmed.

Judgment affirmed, with costs. JENKS and RICH, JJ., concur. HIRSCHBERG, P. J., and MILLER, J., dissent as to defendant Kordes.